**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lauren Cummings,<br><br>    Plaintiff,<br><br>v.<br><br>Jaburg & Wilk, P.C.,<br><br>    Defendant. | No. CV-15-2005-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendant Jaburg & Wilk P.C.'s ("Defendant") motion for summary judgment pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 21.) Defendant filed its supporting statement of facts, and the matter is fully briefed. (Docs. 22, 25-27.) Also pending is Plaintiff Lauren Cummings' ("Plaintiff") motion for judgment on the pleadings. (Doc. 24.) This motion is also fully briefed and ready for review. (Docs. 28, 29.) Finally, Plaintiff moves to strike Defendant's reply in part as it relates to Defendant's argument regarding *bona fide* error. (Doc. 30.) Defendant has responded objecting to Plaintiff's motion. (Doc. 31.) This matter is also briefed and ready for review.

After due consideration, the Court will grant Defendant's motion for summary judgment, deny Plaintiff's motion for judgment on the pleadings, and deny Plaintiff's motion to strike as moot.

*Background*

On August 13, 2013, Plaintiff bought a Toyota truck from Hatch Toyota, a car dealership based in Show Low, Arizona. (Doc. 22-1 at 9-12.) Plaintiff defaulted on the loan

1   and the truck was repossessed and sold. (Id. at 15.) On October 7, 2014, Defendant, as
2   counsel for Consumer Portfolio Services, Inc., sent Plaintiff a debt collection letter alleging
3   that Plaintiff owed $9,128.72, plus accruing interest. (Id. at 7.) The letter gave Plaintiff 30
4   days to file a written response. (Id.) According to Defendant, the October 7, 2014 demand
5   letter was accurate and correctly stated that the balance owed as of that date was $9,128.72,
6   which was comprised of the following: (1) principal amount of $7,466.90; (2) accrued
7   interest through 10/7/14 in the amount of $1,641.82; and (3) late charges in the amount of
8   $20. (Id. at 2-5.)

9   On November 13, 2014, Defendant filed a state court complaint in Maricopa County
10  Superior Court for breach of contract, alleging Plaintiff owed $7,466.90 and accrued interest
11  through 10/1/14 in the amount of  $1,622.18,[1] which would be a total of $9,089.08. (Id. at
12  2-5, 14-17.) According to Defendant, in the state court complaint, it inadvertently omitted
13  late charges in the amount of $20. (Id. at 4.) On March 11, 2015, Defendant filed a First
14  Amended Complaint in Maricopa County Superior Court, which included the $20 late
15  charges. (Id. at 4, 26-29.)

16  On October 6, 2015, Plaintiff filed a FDCPA complaint against Defendant. (Doc. 1.)
17  Plaintiff's three count Complaint alleges: (1) Defendant violated 15 U.S.C. § 1692e(2)(A)
18  by falsely representing the amount of Plaintiff's alleged debt; (2) Defendant violated 15
19  U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in
20  connection with the collection of any debt; and (3) Defendant violated 15 U.S.C. § 1692f(1)
21  by collecting or attempting to collect from Plaintiff an amount not expressly authorized by
22  the agreement creating the debt or permitted by law. (Id.)

23  Subsequently, Defendant moved for summary judgment and Plaintiff moved for
24  judgment on the pleadings. (Docs. 21, 24.)

25

---

26  [1]The difference in the amount of accrued interest is due to the last day upon which
27  interest was calculated. In the demand letter, it was 10/7/14; in the state court complaint, it
    was 10/1/14.  Despite the different interest totals, the parties do not dispute the correctness
28  of the interest calculations.

*Standard of Review*

*Summary Judgment*

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, show "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323. The party opposing summary judgment may not rest upon the mere allegations or denials of the party's pleadings, but must set forth "specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48.

///

*Judgment on the Pleadings*

Rule 12(c) of the Federal Rules of Civil Procedure states: "Motion for Judgment on the Pleadings. After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." District courts are unwilling to grant a Rule 12(c) dismissal "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." See Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). A court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (further quotation and citation omitted); but cf. Telesaurus VPC, LLC. v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (stating that pleadings that are no more than legal conclusions are not entitled to the assumption of truth, and therefore, a court need not accept as true all of the allegations contained in a complaint when the allegations are couched as legal conclusions) (further quotation and citation omitted).

Rule 12(d) further provides: "If, on a motion for judgment [on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

*FDCPA*

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional," Reichert v. National Credit Sys., Inc., 531 F.3d 1002, 1005 (9th Cir. 2008), however it does not create liability as to immaterial information, Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010).

Under the FDCPA complaint at issue, the pertinent statutory provisions are: 15 U.S.C. § 1692e(2)(A), the false representation of the character, amount, or legal status of any debt;

1  15 U.S.C. § 1692e(10), the use of any false representation or deceptive means to collect or
2  attempt to collect any debt or obtain information concerning a consumer; and 15 U.S.C. §
3  1692f(1) the collection of any amount (including any interest fee, charge, or expense
4  incidental to the principal obligation) unless such amount is expressly authorized by the
5  agreement creating the debt or permitted by law.
6       Whether there has been conduct that violates §§ 1692e or 1692f requires an objective
7  analysis, taking into account whether "the least sophisticated debtor would likely be misled
8  by a communication." See Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir.
9  2007) (internal quotation marks omitted).
10       The Ninth Circuit holds that the purpose of the FDCPA is not furthered by creating
11  liability as to immaterial information. See Donohue, 592 F.3d at 1033. If a statement would
12  not mislead the unsophisticated consumer, it does not violate the FDCPA, even if it is false
13  in some technical sense. Id. (further citation and quotation omitted). Thus, according to the
14  Ninth Circuit, "[i]n assessing FDCPA liability, we are not concerned with mere technical
15  falsehoods that mislead no one, but instead with genuinely misleading statements that may
16  frustrate a consumer's ability to intelligently choose his or her response." Id. at 1034.

17  *Discussion*
18  *Summary Judgment*
19       Defendant argues that the facts are undisputed and it is entitled to judgment as a
20  matter of law on all of Plaintiff's claims under both 15 U.S.C. §§ 1692e and 1692f. (Doc.
21  21.) Citing Donohue and Tourgeman v. Collins Financial Services, Inc., 755 F.3d 1109, 1119
22  (9th Cir. 2014), Defendant contends that its inadvertent omission of the $20 late charge from
23  its state court complaint was not legally "false" because the complaint sought recovery of
24  sums to which Defendant was lawfully entitled. (Id. at 3-5.) Furthermore, Defendant
25  contends that its inadvertent omission of the $20 late charge from its complaint was neither
26  a material misrepresentation of the amount of the debt nor a material misrepresentation that
27  was likely to mislead the least sophisticated consumer. (Id. at 4-8.) According to Defendant,
28  there is no conceivable action which Plaintiff Cummings could have taken in response to

- 5 -

1    Defendant's state court complaint that was not already available to her on the basis of the
2    damages sought in the complaint. (Id. at 7.)

3          Plaintiff counters that Defendant's admission that the amount of debt that it stated in
4    its state court complaint is wrong, and is the same thing as false, subjecting Defendant to a
5    violation of the FDCPA, 15 U.S.C. § 1692e(2)(A). (Doc. 25 at 1-2.) Plaintiff contends that
6    in none of the cases relied upon by Defendant did the debt collector falsely represent the
7    actual amount of the debt owed, rather it was just labeling errors. (Id. at 3.) Thus, according
8    to Plaintiff, because the amount of the debt was not accurately stated, it was a false
9    representation violating the FDCPA.

10         In addition, pursuant to 15 U.S.C. § 1692f(1), Plaintiff argues that in Defendant's state
11   court complaint, it attempted to collect unreasonable attorney's fees. (Id. at 4.) Plaintiff
12   argues that Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect
13   an amount not expressly authorized by the debt agreement or permitted by law. (Id.)

14         In reply, Defendant alleges that Plaintiff's response fails to meet her evidentiary
15   burden of proof because she failed to establish both: (1) a false or misleading representation,
16   and (2) that such false or misleading representation was material to her. (Doc. 27 at 4.)
17   Defendant contends that mere technical omissions are not material and that the only way an
18   alleged technical omission can be material to Plaintiff is if it "may frustrate [the consumer's]
19   ability to intelligently choose [her] response." (Id., (citing Donohue, 592 F.3d at 1034).)

20         Defendant argues that there is no FDCPA violation here because there was no false
21   or misleading representation. (Id. at 4-7.) Defendant states that at no time did it make a
22   demand or seek to collect from Plaintiff any amount of money that was greater than what
23   Plaintiff owed. (Doc. 27 at 1.) In support, Defendant argues that the absence of $20 in late
24   charges from its underlying state court complaint did not modify in any way Plaintiff's
25   conduct with respect to her underlying debt. (Id. at 2.) Therefore, according to Defendant,
26   Plaintiff has failed to prove that the amount pled in the complaint was *legally* false or that
27   it was material to Plaintiff in that it frustrated her ability to intelligently choose how she
28   would respond to the payment demand. (Id. at 3-4.)

1    The Court finds that Ninth Circuit precedent controls the facts of this case in favor of
2 Defendant. Under the FDCPA, § 1692e prohibits the use by a debt collector of "any false,
3 deceptive, or misleading representation or means in connection with the collection of any
4 debt." Section 1692e(2) prohibits "[t]he false representation of . . . the character, amount, or
5 legal status of any debt." Section 1692f prohibits a debt collector from using "unfair or
6 unconscionable means to collect or attempt to collect any debt." "The collection of any
7 amount ... unless such amount is expressly authorized by the agreement creating the debt or
8 permitted by law" is a violation of § 1692f(1). Whether conduct violates §§ 1692e or 1692f
9 requires an objective analysis that takes into account whether "the least sophisticated debtor
10 would likely be misled by a communication." See Guerrero v. RJM Acquisitions LLC, 499
11 F.3d 926, 934 (9th Cir. 2007) (internal quotation marks omitted).

12   Here, at no time did Defendant make a demand or seek to collect from Plaintiff any
13 amount of money that was greater than what Plaintiff owed, it just failed to include a missing
14 $20 late charge that was shortly thereafter included in Defendant's amended complaint.
15 Under these facts, the Court finds that the purpose of the FDCPA is not furthered by creating
16 liability as to immaterial information. See Donohue, 592 F.3d at 1033 (finding that if a
17 statement would not mislead an unsophisticated consumer it does not violate §§1692e or
18 1692f, even if it is false in some technical sense); see also Wahl v. Midland Credit Mgmt.,
19 Inc., 556 F.3d 643, 646 (7th Cir. 2009) ("[Plaintiff] can't win simply by showing that [the
20 debt collector's] use of the term 'principal balance' is false in a technical sense; she has to
21 show that it would mislead the unsophisticated consumer").

22   The Court further finds that in order for there to be a violation of §§1692e or 1692f,
23 the alleged falsity of the representation must actually distort the consumer's perception, not
24 a minor technical glitch that even the least sophisticated consumer could understand. See
25 Isham v. Gurstel, Staloch & Chargo, P.A., 738 F. Supp. 2d 986, 995 (D. Ariz. 2010). Here,
26 the alleged "falsity" was nothing more than a $20 "technical glitch" that does not result in
27 a legal violation. Plaintiff was able to intelligently choose her action concerning her debt
28 based on the information presented to her both in the demand letter, the original complaint,

1  and the amended complaint. The omission of $20.00 from the original complaint was simply
2  not a material misrepresentation, and would be not be meaningful to the "least sophisticated
3  debtor." See Guerrero, 499 F.3d at 934.

*Judgment on the Pleadings*

Pursuant to 15 U.S.C. § 1692e(2)(A) and § 1692e(10), Plaintiff's motion for judgment on the pleadings raises the same arguments that have already been considered and resolved by the Court in Defendant's favor. (Doc. 24 at 1-7; 10-11.)

Regarding 15 U.S.C. § 1692f(1), Plaintiff alleges that this FDCPA provision prohibits Defendant from attempting to collect an unreasonable amount of attorney's fees, which would include Defendant's attempt to charge Plaintiff for fees incurred in preparing its amended complaint in state court. (Id. at 7-9.)

Defendant contends that attached to Plaintiff's Complaint (Doc. 1) is the state court complaint Defendant filed and in that state court complaint it expressly provides that "pursuant to the terms of the Agreement A.R.S.§12-341.01, Plaintiff [Jaburg&Wilk] is entitled to recover its reasonable attorneys' fees incurred herein." (Doc. 28 at 7, (citing Doc. 1-2 at 4).) Thus, according to Defendant, reasonable attorney's fees sought for the state court complaint and related proceedings should be deemed legally permissible. (Doc. 28 at 7, (citing Reyes v. Kenosian & Miele, LLP, 619 F. Supp. 2d 796, 808 (N.D. Cal. 2008) ("Given that Defendants were entitled to attorney's fees, the request for such fees would not be unfair or unconscionable to the least sophisticated debtor.")).) Defendant further contends that Plaintiff cannot challenge the amount of fees that Defendant applied for as the basis for a §1692f(1) violation given that the collection of fees was legally permissible. (Doc. 28 at 7-8.) Finally, Defendant states that its application for legal fees, which were authorized, were later withdrawn from consideration. (Id. at 8.)

In reply, Plaintiff argues that reasonable attorney's fees does not include Defendant's attempt to charge her for fees incurred in preparing its amended complaint in state court to add in the omitted $20 late charge. (Doc. 29 at 7-8.)

Plaintiff's Count 3 alleges that Defendant violated 15 U.S.C. § 1692f(1) which

- 8 -

1 prohibits: "the collection of any amount (including any interest, fee, charge, or expense
2 incidental to the principal obligation) unless such amount is expressly authorized by the
3 agreement creating the debt or permitted by law."

4     The Court finds that the state court complaint that Defendant filed for debt collection
5 does expressly provide for and require the debtor (Plaintiff) to pay reasonable attorneys' fees
6 pursuant to A.R.S. §12-341.01. (Doc. 1-2 at 4.) The Court further finds that such an
7 application would include the litigation associated with the debt collection complaint, such
8 as the filing of an amended complaint. The Court rejects the argument that Defendant's
9 amendment of the technical glitch, the nonmaterial oversight regarding the $20 late fee, is
10 not to be included as a reasonable attorney's fee. Thus, the Court also rejects the argument
11 that the technical glitch at issue, the nonmaterial oversight regarding the $20 late fee, subjects
12 the debt collector (Defendant) to a violation of 15 U.S.C. § 1692f(1). See Donohue, 592 F.3d
13 at 1033-34.

14     *Plaintiff's Motion to Strike*

15     Plaintiff moves to strike that part of Defendant's reply in support of its motion for
16 summary judgment as it relates to its assertion of the *bona fide* error defense. (Doc. 30.)

17     The Court denies Plaintiff's motion as moot. The Court did not consider Defendant's
18 argument regarding the *bona fide* error defense and the Court did not rely on that argument
19 in its discussion and resolution of Defendant's motion for summary judgment.

20     Accordingly,

21     **IT IS HEREBY ORDERED** granting Defendant's motion for summary judgment.
22 (Doc. 21.) The Clerk of Court shall issue judgment in favor of Defendant and terminate this
23 case.

24     **IT IS FURTHER ORDERED** denying Plaintiff's motion for judgment on the
25 pleadings. (Doc. 24.)

26 ///
27 ///
28 ///

**IT IS FURTHER ORDERED** denying as moot Plaintiff's motion to strike Defendant's reply in support of its motion for summary judgment. (Doc. 30.)

DATED this 14th day of March, 2017.

*[signature]*

Stephen M. McNamee
Senior United States District Judge